NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3974
_____

MARIA L. DIFRANCESCO,
                                        Appellant

v.

A-G ADMINISTRATORS, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-13-cv-04284)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2015

Before:  FISHER, JORDAN and SHWARTZ, *Circuit Judges*.

(Filed: August 20, 2015)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

    A-G Administrators, Inc., ("A-G") terminated its employee, Maria DiFrancesco, in

November 2011. DiFrancesco, an accountant, filed suit against A-G alleging that she was

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

terminated due to her age in violation of the Age Discrimination in Employment Act ("ADEA"). The District Court granted A-G summary judgment. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In December 2009, A-G, a third-party administrator of excess accident insurance, hired DiFrancesco as a senior staff accountant. DiFrancesco was 55. DiFrancesco's duties included reconciling claim accounts and premium trust accounts, producing records using Generally Accepted Accounting Principles ("GAAP") for external auditing, and preparing the "bordereaux," which is a statement used to show the breakdowns of premiums and commissions collected.

On November 17, 2011, at the age of 56, DiFrancesco was terminated by A-G. A-G hired Bill Cole, who was 37, to replace DiFrancesco. DiFrancesco contends that she was terminated due to her age, in violation of the ADEA. To support this claim, DiFrancesco says that Jake Gillis, one of A-G's two principals, asked her for her birthdate in November 2010, January 2011, April 2011 (via email), and October 2011. When DiFrancesco asked why she needed to provide this information, Gillis informed her that it was necessary for the company's 401(k) plan and other paperwork. DiFrancesco additionally alleges that Jake Gillis called her "grandma" or "grandmom" and that Dixon Gillis, A-G's other principal, called her "lunch bag" and "old hillbilly."

2

Finally, DiFrancesco states that Dixon Gillis showed concern when she had to lift heavy boxes.

A-G disputes DiFrancesco's claims, arguing instead that she was terminated for legitimate, performance-related reasons. A-G's stated reasons include unreliability and lateness, poor job performance as an accountant, distracting her co-workers, lack of respect, and being a strain on Human Resources.

On July 24, 2013, DiFrancesco filed suit against A-G. On May 27, 2014, A-G filed a motion for summary judgment, which the District Court granted. In its analysis, the District Court concluded, and both parties agree, that there was no direct evidence of age discrimination. Next, the District Court concluded that circumstantial evidence of discrimination was also lacking against A-G because DiFrancesco could not produce evidence that A-G's proffered reasons for her termination were mere pretext for discrimination. Finally, because the District Court granted summary judgment for A-G on the ADEA claim, the Court declined to exercise supplemental jurisdiction over DiFrancesco's state law claim.

DiFrancesco timely appealed.

## II.

The District Court had jurisdiction over this action under 28 U.S.C § 1331 and 29 U.S.C. § 626(c)(1), and we have appellate jurisdiction under 28 U.S.C § 1291. We exercise plenary review over the District Court's summary judgment, applying the same

standard the District Court did.[1] We review the record in the light most favorable to the nonmovant and will affirm only if "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[2] We may affirm on any basis supported by the record.[3]

III.

A.

The central issue on appeal is whether there is a genuine dispute of material fact that would support DiFrancesco's claim of age discrimination, so we review it first. Because the parties agree that there is insufficient direct evidence to sustain an age discrimination claim, we will only analyze DiFrancesco's circumstantial evidence.

The familiar *McDonnell Douglas*[4] burden-shifting framework applies to claims under the ADEA relying on circumstantial evidence.[5] At step one of the *McDonnell Douglas* framework, the District Court correctly determined that DiFrancesco established a prima facie case of age discrimination because (1) she was 40 years of age or older; (2) she was fired; (3) she was objectively qualified for her job; and (4) she was replaced by an employee sufficiently younger so as to raise a discriminatory inference. At step two, the District Court also correctly determined that A-G had offered legitimate reasons for firing DiFrancesco, namely her unreliability, perpetual lateness, poor accounting

---

[1] *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).
[2] *Heffernan v. City of Paterson*, 777 F.3d 147, 151 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).
[3] *Blunt*, 767 F.3d at 265.
[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
[5] *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009).

skills, and lack of respect, as well as her tendency to cause distractions in the office and a strain on human resources. This case turns on the final step of the *McDonnell Douglas* framework: whether DiFrancesco offered enough evidence to show that A-G's proffered reasons for her termination were pretext for discrimination. To show pretext, DiFrancesco must produce some evidence from which a rational factfinder could disbelieve A-G's proffered reasons or believe that invidious discrimination was a more likely cause of her termination.[6] To prevail, DiFrancesco must show "that age was the 'but-for' cause of [A-G]'s adverse action."[7]

Put simply, DiFrancesco produced insufficient evidence showing that A-G's reasons for firing her were pretextual. The evidence shows that DiFrancesco made numerous mistakes in her job. For example, in January 2011, DiFrancesco made an unauthorized transfer of $265,000 between A-G's accounts, which was "very concerning" to Dixon Gillis.[8] Although DiFrancesco testified that she received authorization from Jake Gillis to make the transfer, there is no record evidence of this authorization and any mistake by Dixon Gillis is not enough to show that his documented concern about her performance was pretextual.[9] In another example, Brian Clouse, then A-G's external auditor, charged $7,913 more for his 2010 audit than the 2009 audit because DiFrancesco did not prepare statements according to GAAP standards, which

---

[6] *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

[7] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

[8] App. Vol. 2 at 216.

[9] *Fuentes*, 32 F.3d at 765 ("To discredit the employer's proffered reason . . . the plaintiff cannot simply show that the employer's decision was wrong or mistaken . . . .").

made Clouse's job more difficult. He further explained that these mistakes were "atypical" of trained accountants.[10]

Nor has DiFrancesco produced any evidence suggesting that perpetual lateness, unreliability, and disruptive behavior were not contributing factors to her termination. For example, a February 2011 email from Dixon Gillis to Jake Gillis described DiFrancesco as a mess and complained of DiFrancesco speaking inappropriately to him. In another example, on May 30, 2011, Jake Gillis sent an email to DiFrancesco informing her that she had been unprofessional and unreliable by telling Gillis she would be out of the office on the following Monday but being noncommittal on her plans for the rest of the week. Although DiFrancesco disputed the accuracy of some of the criticisms from Gillis's May 30 email, she acknowledged that she considered the email to be her one and only warning. In addition, DiFrancesco's coworkers testified that she was a distraction. She took personal phone calls at work, was often loud, and treated coworkers in a condescending manner. Again, DiFrancesco disputes these accusations, but she cannot otherwise point to any evidence that would allow a reasonable finder of fact to view these proffered reasons as false.

Finally, DiFrancesco cannot point to evidence that would allow a reasonable finder of fact to conclude the aforementioned deficiencies did not lead to her termination. In an October 24, 2011 email from Jake to Dixon Gillis, Jake Gillis wrote, "We absolutely need to find a new accountant. Some of the obvious main reasons: perpetual

---

[10] App. Vol. 2 at 202.

tardiness[;] unpredictable schedule and abus[e] of our lenience and PTO[;] unwillingness to admit mistakes and regularly making them[;] and either lack of awareness of her surroundings or just plain inconsideration for others in the workplace."[11] The email also contained additional examples of problems with DiFrancesco's behavior at work.

With respect to the alleged ageist remarks, we conclude that they do not sufficiently cast doubt on A-G's legitimate reasons for firing DiFrancesco to show that age discrimination was the but-for cause of her termination. Nothing in the record shows that DiFrancesco's performance and personal problems did not independently form the reason for A-G's decision to fire her. Accordingly, we conclude that DiFrancesco has failed to show that A-G's proffered reasons for firing her were a pretext for discrimination and that summary judgment was therefore appropriately granted.

### B.

Next, we consider DiFrancesco's arguments that the District Court applied the wrong legal standard for causation and engaged in improper fact-finding. As previously mentioned, "but-for" causation is required to state a claim under the ADEA.[12] The District Court applied the wrong standard, DiFrancesco argues, when it wrote that a reasonable fact-finder could not find that A-G's reliance on DiFrancesco's disruptive behavior for firing her was "motivated by a discriminatory animus towards her based

---

[11] App. Vol. 2 at 306 (bullet points omitted).
[12] *Gross*, 557 U.S. at 177.

*solely* on her age."[13] DiFrancesco contends that this statement by the District Court shows that the District Court improperly required her to prove that discrimination was the sole cause of her termination, not just the but-for cause. However, any error was harmless because the District Court correctly recited and applied the but-for standard elsewhere in its analysis, and because we independently conclude that DiFrancesco has not demonstrated that age discrimination was a but-for cause of her termination.

Nor do we agree with DiFrancesco that the District Court applied the wrong summary judgment standard and engaged in improper fact-finding. Although the District Court on several occasions used the words "this Court finds," the Court's use of the word "finds" was synonymous with "concludes" or "holds," and not indicative of the Court finding facts in areas disputed by the parties. The District Court used the proper standard, and properly concluded that no rational jury could conclude A-G's proffered reasons for DiFrancesco's termination were pretextual.

IV.

For the reasons set forth above, we will affirm the order of the District Court.

---

[13] App. Vol. 1 at 25 (emphasis added).